UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

```
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED  DEC 2 9 2000
CLERK'S OFFICE
```

ROBERT T. McGREGOR

VS

LOWE'S COMPANIES, INC.
LOWE'S HOME CENTERS, INC.,
LOWE'S HOME CENTER – CORTANA PLACE – ACCESSIBILITY CONTRACTORS
GAITHER M. KEENER, JR., ASSISTANT GENERAL COUNSEL,
ROBERT TILLMAN, LOWE'S CEO AND PRESIDENT,
LARRY STONE, DALE POND, LYLE PARADISE, and DAVID SHELTON.

JURY DEMAND

CV 00-970-C-M1

### COMPLAINT

This complaint alleges a continuous deliberate, intentional, egregious pattern or practice of "discriminatory treatment" with malice, and denial of, the full use of and equal enjoyment by severely disabled, mobility impaired, pro se plaintiff Robert T. McGregor of the goods, services, facilities, privileges, advantages, and accommodations offered by "LOWE'S COMPANIES, INC., et al" based solely upon his "alleged" disabilities and being mobility impaired necessitating the use of a wheelchair.

"McGREGOR" alleges that his rights under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 - 12213; section 302(a) of 42 U.S.C. 12182(a); 42 U.S.C. 12182(b)(2)(A)(iv); section 308(b) of 42 U.S.C. § 12188; 42 U.S.C. §§ 12131 - 2134; 42 U.S.C. § 12203(b); and 28 U.S.C. 1331 and 1335; The Civil Rights Act of 1991; and the Rehabilitation Act of 1973, and the Louisiana Civil Code (in particular LSA 2315) were purposefully and intentionally violated, with malice; and, has suffered serious "damages:" physical, emotional psychological, etc.



## JURISDICTION

This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000a-3(a) and 2000a-5(a) and 28 U.S.C. § 1345; "), 42 U.S.C. §§ 12101 - 12213; section 302(a) of 42 U.S.C. 12182(a); 42 U.S.C. 12182(b)(2)(A)(iv); section 308(b) of 42 U.S.C. § 12188; 42 U.S.C. §§ 12131 - 2134; 42 U.S.C. § 12203(b); and 28 U.S.C. 1331 and 1335; The Civil Rights Act of 1964; The Civil Rights Act of 1991; Section 504 of the Rehabilitation Act of 1973, as well as pendant jurisdiction of numerous intentional violations with malice of the Louisiana Civil Code (in particular LSA 2315).

## VENUE

Venue is proper in the Middle District of Louisiana because "most," but not all, of the pain and suffering of the claims alleged herein arose in the Middle District; the Defendants "do business in the Middle District;" and all "contractual agreements" were made and/or finalized in this District.

## PARTIES

Defendants "LOWE'S COMPANIES, INC. et al" ("LOWE'S") are, to the best of McGregor's knowledge, understanding and belief, a "Title II" facility that uses and/or pays Federal Funds; i.e., interstate transportation taxes and fees moving consumer products across state lines, road fees, toll crossing fees, etc., as well as "profits" from the sale and/or use of stamps from a United States Post Office machine within their overall structure and/or building, and operates a "food concession" within its facility subject to local regulation, permits, etc. LOWE'S are also "open to the public at large," and is engaged in the delivery of "goods and services" locally as well as across state lines; LOWE'S" as a Title III" facility is therefore subject to litigation.

Plaintiff McGregor, ("McGREGOR") has standing as a "severely disabled client" of LOWE'S; is above the age of majority; has a record of being "considered" and/or "regarded as" physically disabled; and "appears" to exhibit the intellectual capacity and/or mental ability to "move forward" in a Court of competent jurisdiction to protect his rights. Therefore, McGREGOR has "allegedly" retained his mental capacity despite his physical maladies.

## TITLE II VIOLATIONS

LOWE'S are places of public accommodation under 42 U.S.C. § 2000a(b)(1) and affect commerce within the meaning of 42 U.S.C. § 2000a(c)(1); Federal and State funds are used and/or co-mingled to "operate" theses facilities with road use tax, toll road fees, fire inspection services, and city parish and state business permits.

McGREGOR suffered "permanent damages" as a result of LOWE'S purposeful, deliberate, and intentional with malice, continuous and on-going, systematic failure to comply with City Parish, State, and Federal laws when it comes to the safety and/or evacuation of wheelchair clients in an emergency (some compenseable, some irreparable) repeatedly since 1997 when personally "advised" of its violations.

Despite numerous easily verifiable written as well as verbal attempts to advise LOWE'S (staff) of its lack of inaccessible, non state or federal ADAAG compliant parking and/or escape routes for wheelchair clients earlier in the year 2000, no changes were made in shelf spaces, display isles, passage ways, etc. at either of two Baton Rouge location stores.

## TITLE III VIOLATIONS

LOWE'S operates two locations in Baton Rouge, with facilities open to the public at large that provides "repair clinics" and/or "in-house training programs" with advice to the public and private sector.

LOWE'S also contracts with various Title III vendors for clients "goods and services."

McGREGOR repeatedly complained to LOWE'S throughout 1997, 1998, 1999, and the year 2000 on at least twenty (20) separate occasions with comments as well as color photographs of his being "blocked" in non accessible parking spaces, that was intentionally designated as "van accessible."

LOWE'S then hired an alleged "parking-lot accessibility contractor," who "re-stripe" the lot at Cortana Place. When McGregor happened to photograph this striping, he was immediately and forcibly "trapped and/or detained" by the contractor who advanced on McGregor in a hostile and life threatening manner, causing a genuine fear of bodily harm and/or loss of life; everything clearly documented on film.

3

McGREGOR has attempted to resolve these matters in a professional manner with telephone calls, faxed correspondence, as well as certified mail and/or USPS tracking numbers with LOWE'S CEO Robert Tillman, and all other officials, to no avail.

McGREGOR now firmly believes that LOWE'S deliberate refusal to properly resolve matters leaves no other avenue than involvement by this Honorable Court.

In closing, "The ADA is aimed at protecting persons with disabilities." (including McGREGOR) "As stated in relation to the Rehabilitation Act, which in this Court's belief is equally applicable here, discrimination against the handicapped was perceived by Congress to be most often the product, not of invidious animus, but rather of thoughtlessness and indifference -- of benign neglect."

Even that "basic and most reasonable standard" is woefully inadequate in this particular instance. The "benign neglect" should be seen by this Honorable Court as clear and convincing, "deliberate, belligerent, purposeful, and intentional (with malice), benign stupidity" for well known Federal Law and the Civil Rights of McGREGOR.

### Prayer For Relief

Wherefore, pro se in proper person plaintiff McGREGOR prays that the Court enter an Order:

1. That McGregor be granted leave to prosecute the proceeding to conclusion without prepayment of costs or security therefore because of his inability to pay the costs of this action as they accrue; i.e., IN FORMA PAUPERIS status;

2. Declaring that the discriminatory practices of the Defendant violates Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a et seq.;

3. Declaring that the discriminatory practices of the Defendant violates Title III of the Americans with Disabilities Act of 1990, et seq.; The Civil Rights Act of 1991; and the Rehabilitation Act of 1973, as well as violations of the Louisiana Civil Code (in particular LSA 2315) under pendant jurisdiction.

4. Enjoining Defendant, its officers, employees, agents, and successors, and all other persons in active concert or participation with any of them, from engaging in any act or practice which, on the basis of race or color, denies or abridges any rights secured by Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a et seq.;

4

5. That this Honorable Court issue appropriate preliminary or permanent injunctive relief restraining defendants; their officers, successors, assigns, agents, employees, and all persons in active concert and/or participation with them, from punishing, threatening, harassing, deterring, discouraging, or otherwise interfering with plaintiff and/or his family, in the exercise of his rights under the ADA or any other applicable federal regulation and laws.

6. Requiring the Defendant, its officers, employees, agents, and successors, and all other persons in active concert or participation with any of them to take such affirmative steps as may be necessary to remedy the past unlawful conduct;

7. That this Honorable Court grant injunctive relief immediately to bring defendants' LOWE'S facilities in the entire Fifth Circuit into full and immediate ADA compliance which DO NOT DISCRIMINATE against any qualified individual with disabilities (McGregor), or any other "mobility impaired" individual (McGregor) seeking "home improvement" educational training, knowledge, research, and/or "goods and services;"

8. That McGREGOR be awarded compensatory and punitive damages from EACH of the above named violators, individually and singularly, with penalties and interests, in the amount of:

   A. Mental anguish, emotional distress, and pain and physical suffering ... $1, 250, 000.‰

   B. Inconvenience............................................................................ $1,000, 000.‰

   C. Loss of enjoyment of life, and non-pecuniary losses ...................... $1, 250, 000.‰

   D. Punitive damages for intentional acts of discrimination ................... $1, 750, 000.‰

FOR A SUB TOTAL OF **$5, 250, 000.‰** (five million two-hundred fifty thousand dollars) EACH x (9) NINE

EQUALS A GRAND TOTAL OF **$47, 250, 000.‰** FROM ALL PARTIES COMBINED.

(FORTY-SEVEN FIVE MILLION TWO-HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS)

9. Payment of all amounts requested, as well as full payment for the cost(s) of discovery, investigation, preparation, film, processing, reasonable professional services and/or photographic expert witness fees, court preparation costs and of filing this action, "other" expert witness fees, court costs if any, and travel;

10. A CIVIL PENALTY in the amount of $50,000.00 for the first violation; then $100,000.00 for each subsequent violation McGregor can identify, to be PAID directly to the U.S. Government, with a maximum cap of $100 MILLION in FINES.

11. McGregor also further prays for such additional relief as the interests of justice may require, together with all of his costs and disbursements of this action.

12. McGregor respectfully requests of this Honorable Court that all parties it determines should be served, be done by U.S. Marshal with Form 285, thus "protecting" pro se plaintiff from any potential "hostility," frustration,

5

anger by defendants, and/or confrontation; and, for the known fact that defendants facilities are not in TRUE ADAAG compliance and/or fully wheelchair accessible to McGregor.

| | |
|---|---|
| Submitted by:<br><br>*Robert T. McGregor* | Robert T. McGregor<br>Pro Se In Proper Person<br>1440 Montgomery Drive<br>Baton Rouge, LA  70815-6830<br>(225) 273-0763 (voice)<br>(225) 275-6432 (24 hr FAX)<br><br>29 Dec 2000 |

### CERTIFICATE OF MAILING

I, Robert T, McGregor, herby certify that a copy of the foregoing has been served upon Gaither M. Keener, Jr., Vice-President-Assistant General Counsel, Lowe's Companies, Inc., P.O. Box 1111, North Wilkesboro, North Carolina 28656-0001; tel. (336) 658-4498;  also believed  to be defendants Agent for SOP, postage prepaid, properly addressed, this 29th day of December 2000.

*Robert T. McGregor*     Robert T. McGregor

6